**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **REBECCA SHURETT,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-248** |
| **Deputy Sheriff JALEEL BROWN, et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER**

On June 22, 2026, Plaintiff Rebecca Shurett, proceeding pro se, filed her complaint against various officers of the Houston County and Monroe County Sheriff's Offices. ECF 1. That same day, she filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. For the following reasons, Shurett's motion to proceed IFP (ECF 2; 3) is **GRANTED**. Because Shurett is proceeding IFP, the Court must conduct a frivolity review as required by 28 U.S.C. § 1915(e)(2)(B). After review, Shurett's claim for First Amendment retaliation (Count One), excessive force (Count Two), and failure to intervene (Count Four) will proceed for further factual development. However, Shurett's supervisory liability claim against Defendant Odom (Count Three) is **DISMISSED without prejudice**.

## I. DISCUSSION

### A. Motion to Proceed IFP

28 U.S.C. § 1915(a) governs motions to proceed IFP. It provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person

> who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.[1]

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation modified). A plaintiff is not required to show she is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether she has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Rather, it "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

The Court has reviewed Shurett's IFP affidavit. Shurett's affidavit establishes that she cannot pay the court fees without undue hardship. ECF 3. Thus, Shurett's motion to proceed IFP (ECF 3) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Shurett is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

On June 30, 2024, Shurett "publish[ed] law enforcement body-camera footage on Facebook and openly criticiz[ed] the conduct of members of the Houston County Sheriff's Office." ECF 1 at 8. Shurrett alleges that on the same evening, at around 7:30 p.m., Defendant Brown and other deputies arrived at her home to execute an arrest warrant for her son. *Id*. Shurett alleges that her son was experiencing a "severe psychiatric crisis," so she attempted to de-escalate and explain her son's circumstances. *Id.* Brown then arrested Shurett for obstruction. *Id.* According to Shurett, "Brown forcefully grabbed [her], applied handcuffs with excessive tightness, and ignored [her] repeated complaints that the handcuffs were causing severe pain." *Id.* Brown's conduct allegedly caused bruising around both wrists and nerve damage, "leading to handcuff neuropathy." *Id.* at 5. Shurett alleges that Defendants Lieutenant Andrew Lauritsen, Deputy Ridley, and Deputy Ian Casey "were present during all or portions of the events giving rise to Plaintiff's claims," and failed to intervene despite having the opportunity. *Id.* at 8. After the incident, Shurett alleges she filed a complaint with Defendant Lieutenant Scott Odom, who failed to respond appropriately. *Id.*

Shurett asserts four claims: (1) First Amendment retaliation against Brown, (2) excessive force against Brown, (3) supervisory liability against Odom, and (4) failure to intervene against Lauritsen, Ridley, and Casey. *Id.* at 5, 8.

*1. First Amendment Retaliation*

First, Shurett alleges Brown executed her son's arrest warrant and arrested her in retaliation for her critical statements on social media. ECF 1 at 8. "To state a § 1983 First Amendment Retaliation claim, a plaintiff generally must show: (1) that she engaged in constitutionally protected speech … (2) the Defendant's conduct adversely affected that protected speech …; and (3) a causal connection exists between the Defendant's retaliatory conduct and the adverse effect on the plaintiff's speech and right to petition." *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019). Here, Shurett's allegations are sufficient to survive a frivolity review. Shurett's Facebook posts are afforded protection under the First Amendment, and she has plausibly alleged she was arrested as a result of those posts. *See City of Houston, Tex. v. Hill*, 482 U.S. 451, 461 (1987) ("[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers."); *Duncan v. City of Sandy Springs*, 2023 WL 2862579, at *6 (11th Cir. June 7, 2023) ("Individuals are free 'verbally to oppose or challenge police action without thereby risking arrest.'"). Thus, Shurett's First Amendment retaliation claim shall proceed for further factual development.

*2. Excessive Force*

Next, Shurett asserts an excessive force claim against Brown. Under the Fourth Amendment, individuals are protected from unreasonable searches and seizures, including the use of excessive force during an arrest. U.S. CONST. Amend. IV; *see Stephens v. DeGiovanni,* 852 F.3d 1298, 1321 (11th Cir. 2017). To establish a claim for excessive force, a plaintiff must show that (1) a seizure occurred and (2) the force used was unreasonable under the circumstances. *Stephens,* 852 F.3d at 1321. Courts

assess reasonableness by considering factors such as the severity of the alleged crime in question, whether the individual posed a threat, whether the individual resisted or attempted to flee, and the amount of force applied. *Id.* at 1321-22; *see Charles v. Johnson*, 18 F.4th 686, 699-700 (11th Cir. 2021).

Shurett alleges that Brown forcefully grabbed her and applied her handcuffs with excessive tightness, despite her complaints that they caused her extreme pain. ECF 1 at 8. Shurett was then placed into a patrol vehicle and continued to be restrained "despite obvious signs of injury." *Id.* According to Shurett, the handcuffs caused injuries in both wrists and permanent damage. *Id.* Although handcuffing alone is not always sufficient to state an excessive force claim, the Court concludes that, at this early stage, Shurett's claims are sufficient to survive a frivolity review.

*3. Retaliation and Supervisory Involvement*

Shurett also asserts a claim for "retaliation and supervisory involvement" against Odom. "It is axiomatic, in section 1983 actions, that liability must be based on something more than a theory of respondeat superior." *Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Id.*

Here, Shurett alleges that after her arrest, she submitted written complaints and later notified Odom of the alleged misconduct. ECF 1 at 8. According to Shurett, Odom "failed to take meaningful corrective action." *Id.* However, Shurett alleges no facts that suggest Odom was at the scene of her arrest, or that any of Odom's actions contributed

to the alleged constitutional violations. Thus, she has not alleged Odom personally participated in the conduct or that a causal connection exists between Odom's conduct and the alleged constitutional violations. Accordingly, Shurett fails to state a claim against Odom.

Any claim against Odom is, therefore, **DISMISSED without prejudice**.[3]

*4. Failure to Intervene*

Finally, Shurett asserts a failure to intervene claim against Defendants Lauritsen, Ridley, and Casey. ECF 1 at 8. When an officer uses excessive force, other officers may also be liable if they were present at the scene, in a position to intervene, and failed to take reasonable steps to prevent another officer's use of excessive force. *Hadley v. Gutierrez,* 526 F.3d 1324, 1330-31 (11th Cir. 2008). Here, Shurett alleges that Lauritsen, Ridley, and Casey "were present during all or portions of the events giving rise to Plaintiff's claims." ECF 1 at 8. She also alleges each Defendant "observed or had reason to know that Plaintiff was being subjected to unlawful arrest and excessive force and had a realistic opportunity to intervene and prevent the violations." *Id.* Shurett's allegations, while thin, are sufficient to survive a frivolity review. Accordingly, her failure to intervene claim shall proceed to discovery.

## II. CONCLUSION

Because Shurett fails to state a supervisory liability claim, her claim against Odom is **DISMISSED without prejudice**. However, the following claims shall proceed for further factual development: (1) Shurett's First Amendment retaliation claim against

[3] "A court is not required to permit a plaintiff to amend her pleadings where amendment would be futile." *Smith v. Hildebrand*, 244 Fed. App'x 288, 290 (11th Cir. 2007).

Brown; (2) her excessive force claim against Brown; and (3) her failure to intervene claim against Lauritsen, Ridley, and Casey.

Accordingly, it is **ORDERED** that service be made on Deputy Jaleel Brown of the Monroe County Sheriff's Office and Lieutenant Andrew Lauritsen, Deputy Ridley, and Deputy Ian Casey of the Houston County Sheriff's Office by the United States Marshal Service. The Plaintiff is advised that she must serve upon opposing counsel (or Defendants if the Defendants are not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). The Plaintiff shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to the Defendants or the Defendants' counsel. The Clerk of Court will not serve or forward to the Defendants or the Defendants' counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

The Plaintiff is responsible for diligently prosecuting her complaint and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. The Plaintiff is required to keep the Clerk of Court advised of her current address during

the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 30th day of July, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT